United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-50134
_____

UNITED STATES of AMERICA,

                              Plaintiff - Appellee,

                    versus

RENE MAESE-ALARCON,

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:04-CR-1433-2

_____

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

The case is remanded for the limited purpose of allowing the district court to supplement its final order of judgment and commitment for Rene Maese-Alarcon, by setting forth the reasons for the upward departure in the sentence of the defendant.[2]  We note that a district court has discretion to depart from the guidelines where such a departure is reasonable in accordance with the factors

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] This court declines to assume that a district court has imposed consecutive sentences as an enhancement rather than an upward departure.  United States v. Martinez, 274 F.3d 897, 902 (5th Cir. 2001).  Consecutive sentences are construed as an upward departure when the district court has not provided an explanation and concurrent sentences are called for by the guidelines.  Id.

outlined in 18 U.S.C. § 3553(a). Although the district court orally expressed that it had considered all the evidence in the pre-sentence report, and acknowledged the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), this general reference does not specify any particular grounds or reasons for departing, nor does it reflect consideration of the § 3553(a) factors. It thus failed to satisfy the mandatory requirements of 18 U.S.C. § 3553(c)(2). See 18 U.S.C. § 3553(c)(2) (requiring the sentencing court to commit its reasons for a departure to writing in the judgment). Furthermore, the district court's order is not sufficiently specific to permit us to determine the reasonableness of the court's departure from the concurrent sentencing suggested under the Guidelines.[3]

We therefore remand the case for the limited purpose of allowing the district court to enter a supplemental order stating its reasons for upwardly departing and request that the court act as expeditiously as practicable. This panel retains jurisdiction of the case to determine the reasonableness of the sentence.[4]

---

[3] The Guidelines provide that the sentence shall run concurrently "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve total punishment," which is the maximum sentence recommended under the Sentencing Guidelines. Here the guideline range on both counts was 24-30 months; additionally the statutory maximum for both counts was 60 months. Because the sentence given on each count (30 months) was adequate to achieve the total punishment (30 months) the guidelines suggest concurrent sentences.

[4] The parties will have ten days from the date the district court enters its order to file simultaneous letter briefs regarding the reasonableness of the sentence.

REMANDED for Limited Purpose.
Jurisdiction Retained.